UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SEBRING,<br><br>          Plaintiff,<br><br>    v.<br><br>CITY OF PETALUMA, et al.,<br><br>          Defendants. | Case No. 4:17-cv-06483-KAW<br><br>**ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS; ORDER<br>DISCHARGING ORDER TO SHOW<br>CAUSE**<br><br>Re: Dkt. No. 5 |

On November 14, 2017, Defendants filed a motion to dismiss Plaintiff Sean Sebring's original complaint. (Def.'s Mot., Dkt. No. 5.)

On February 1, 2018, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS Defendants' motions to dismiss.

## I. BACKGROUND

Plaintiff Sean Sebring alleges that, on July 8, 2016, Petaluma police officers Ron Kline and Alex Thompson unlawfully detained him without a warrant or legal justification, and exerted excessive force. (Compl., Dkt. No. 1-1 ¶¶ 11-16.) Plaintiff further alleges that Officer Kline inflicted great physical pain and suffering by tightly restraining him in handcuffs, and "intentionally caused an offensive bodily contact through [Plaintiff's] clothing to his genitalia, including his testicles and scrotum, with [his] index fingers. . . ." (Compl. ¶¶ 19-21.) Plaintiff alleges that he was falsely imprisoned at the Petaluma Police Station and in the back of a police car. (Compl. ¶ 23.) Plaintiff alleges that when he asked for his handcuffs to be loosened, they were tightened, and they were also tightened in retaliation for asking for an attorney during the police interrogation. *Id.* Plaintiff further alleges that his body, clothing, papers, articles and effects

were unlawfully searched by Defendants Kline and Thompson. (Compl. ¶¶ 24-25.) Plaintiff claims that he was arrested but was never taken before a judge in violation of California Penal Code § 825. (Compl. ¶ 26.)

On November 14, 2017, Defendants filed a motion to dismiss. (Defs.' Mot., Dkt. No. 5.) Plaintiff did not file a timely opposition to the motion to dismiss, so the Court issued an order to show cause on December 11, 2017, and continued the hearing date on the motion to dismiss to February 1, 2018. (Dkt. No. 10.) On December 12, 2017, Plaintiff filed an opposition to the motion to dismiss. (Pl.'s Opp'n, Dkt. No. 11.) On January 10, 2018, Defendants filed their reply. (Defs.' Reply, Dkt. No. 13.)

## II.    LEGAL STANDARD

### A.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are

inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

**B.     Request for Judicial Notice**

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    DISCUSSION

#### A.    Failure to Satisfy Pleading Standards

As an initial matter, the complaint specifies which causes of action are being alleged.  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2).  The complaint, however, lacks a formulaic recitation of the elements of each cause of action, which would still be insufficient to withstand a motion to dismiss under Rule 12(b)(6). *See Twombly*, 550 U.S. at 555.  Further, each of Plaintiff's causes of action incorporates previous paragraphs without identifying which facts relate to which causes of action, leaving the Court to guess which facts pertain to which causes of action.  For example, the first cause of action is for violation of § 1983, but Plaintiff does not identify any facts in support of this claim, while instead generally alleging violations of the First, Fourth, Fifth, Sixth Amendments, and Fourteenth Amendments.  This is insufficient to state a claim, because it does not identify the specific incidents of misconduct. Plaintiff should also identify the injuries, if any, sustained as a result of each specific defendant's actions. Currently, Plaintiff lumps the two officers together and makes similar allegations against each. Moreover, the Complaint leaves out all facts that gave rise to Plaintiff's contact with the defendant officers, such that the Court does not understand how he allegedly came to be unlawfully searched, interrogated, falsely imprisoned, and sexual battered.

Accordingly, as currently pled, the complaint is wholly insufficient and must be amended to comply with the *Iqbal-Twombly* pleading standard.  Thus, Plaintiff must amend all remaining causes of action to allege specific facts sufficient to state a claim. The Court notes that Plaintiff frequently reiterates virtually identical paragraphs in his facts section.  In amending his complaint, Plaintiff should remove duplicative facts, and is encouraged to obtain assistance from the Federal Pro Bono Help Desk in doing so.

#### B.    Request for Judicial Notice

As a preliminary matter, Defendants ask that the Court take judicial notice of three documents in support of its motion to dismiss. (Defs.' Req. for Judicial Not., "RJN," Dkt. No. 5-1.)  The documents are purportedly true and correct copies of: A) the Criminal Docket from Superior Court of California, County of Sonoma, Case No. SCR-626633; B) Apology Letter from

1    Sean Sebring; and C) Petaluma Police Department Complaint Review Form.

2         Plaintiff does not oppose the request for judicial notice. The criminal docket is a true and

3    correct copies of official public records, whose authenticity is capable of accurate and ready

4    determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R.

5    Evid. 201(b). Exhibits B and C, however, are not subject to judicial notice, as there is no way to

6    easily verify the validity of the documents or their contents.

7         Accordingly, the Court GRANTS IN PART AND DENIES IN PART Defendants' request

8    for judicial notice.

9    **C.    Motion to Dismiss**

10        **i.    Common Law Claims against City of Petaluma**

11        Petaluma argues that Plaintiff's common law claims for false imprisonment, battery, and

12   negligence should be dismissed on the grounds that a public entity cannot be held liable except as

13   provided by statute. (Defs.' Mot. at 10-11.) Indeed, California Government Code § 815(a)

14   provides that, except as otherwise provided by statute, "[a] public entity is not liable for an injury,

15   whether such injury arises out of an act or omission of the public entity or a public employee or

16   any other person." Government Code § 815.2(a) provides that

17            [a] public entity is liable for injury proximately caused by an act or
             omission of an employee of the public entity within the scope of his
18           employment if the act or omission would, apart from this section,
             have given rise to a cause of action against that employee or his
19           personal representative.

20   Thus, Plaintiff's common law claims may proceed against the Petaluma if he amends the causes of

21   action to allege that the agency is liable for the acts or omissions of its employees within the scope

22   of employment pursuant to § 815.2(a).

23        Accordingly, the fourth, fifth, and seventh causes of action are dismissed without prejudice

24   as to the City of Petaluma.

25        **ii.    Causes of Action**

26            a.    First and Second Causes of Action

27        Plaintiff's first and second causes of action appear to allege excessive force and other

28   constitutional violations against Defendants Kline and Thompson pursuant to § 1983 and

5

California Civil Code § 52.1(b). (Compl. ¶¶ 28-43.) As discussed above, *supra* Part III.A, Plaintiff has not identified the specific facts supporting these causes of action. At the hearing, Plaintiff explained that his civil rights claims were for excessive force and unlawful arrest. Specifically, the excessive force allegations concern the tightening of handcuffs and Lt. Kline grabbing his right wrist and bending it back hard, which aggravated Plaintiff's existing injuries. Plaintiff also claims that he was not told why he was being searched or arrested, and only informed that he was being charged with a violation of California Penal Code § 148 when he was being released on bail.

Furthermore, to the extent that Plaintiff seeks to allege a violation of the Bane Act, he must allege either a threat of violence or a violent act intended to prevent or retaliate for engaging in a protected right. CACI No. 3066, Judicial Council of California Civil Jury Instructions (2016 ed.). If Plaintiff cannot support such an allegation with specific facts, he should not amend the second cause of action.

Accordingly, the first and second causes of action are dismissed with leave to amend.

### b. Third Cause of Action

Plaintiff's third cause of action is against Kline, Thompson, and Petaluma for the violation of his right to privacy under the California Constitution. (Compl. ¶¶ 44-51.) Defendants move to dismiss the third cause of action on the grounds that Plaintiff has "fail[ed] to identify a specific, legally protected privacy interest, [] fails to articulate a reasonable expectation of privacy and does not show a serious intrusion upon the privacy interest by any Defendant." (Defs.' Mot. at 11.) This is well taken, as Plaintiff fails to specify which facts give rise to this cause of action. At the hearing, Plaintiff explained that his privacy was invaded when Lt. Kline fondled him and when the officers searched his wallet. The Court notes that this may be duplicative of the sexual battery cause of action, and may not be cognizable unless Plaintiff can allege facts that his wallet should not have been searched in the manner that it was.

Accordingly, the third cause of action is dismissed with leave to amend.

### c. Fourth Cause of Action

Plaintiff's fourth cause of action is against Kline, Thompson, and Petaluma for false imprisonment. (Compl. ¶¶ 52-59.) Defendants seek to dismiss this cause of action on the grounds

United States District Court
Northern District of California

that Plaintiff fails to allege how or why the arrest was unlawful or articulate why the offers lacked probable cause to arrest him. (Defs.' Mot. at 11.)  At the hearing, Plaintiff conceded that the officers had a basis for the traffic stop and initial detention, but that they lacked probable cause to arrest him. Plaintiff must clearly state the facts that would make the arrest unlawful, and explain the specifics of his false imprisonment, including the duration.

Accordingly, the fourth cause of action is dismissed with leave to amend.

### d.  Fifth Cause of Action

Plaintiff's fifth cause of action is against Kline, Thompson, and Petaluma for battery. (Compl. ¶¶ 60-66.) While Plaintiff cites to the preceding general factual allegations, which certainly concern facts that could potentially give rise to battery, Plaintiff again fails to specify which of those facts pertain to this cause of action and the circumstances in which they occurred.

Accordingly, the fifth cause of action is dismissed with leave to amend.

### e.  Sixth Cause of Action

Plaintiff's sixth cause of action is against Kline, Thompson, and Petaluma for sexual battery. (Compl. ¶¶ 67-75.)  Specifically, Plaintiff alleges that Defendants Kline and Thompson touched his sexual organs without his consent. (Compl. ¶¶ 69-70.) Defendants seek to dismiss this claim on the grounds that it is redundant to the first cause of action for excessive force, and that it "is void of any details that Defendants Lieutenant Klein and Officer Thompson injured Plaintiff or performed more than a search of Plaintiff's person." (Def.'s Mot. at 14.)  The latter point is well taken. Indeed, Plaintiff must provide the factual circumstances in which the alleged sexual battery occurred, and, at the hearing, Plaintiff explained that the incident occurred outdoors, and behind the Petaluma Police Station and was not part of a search of his person, which had already occurred during the initial detention. Moreover, the Court disagrees that the cause of action is redundant of the first cause of action.

Accordingly, Plaintiff's sixth cause of action is dismissed with leave to amend to allege additional facts concerning the sexual battery.

### f.  Seventh Cause of Action

Plaintiff's seventh cause of action is against Kline, Thompson, and Petaluma for

negligence. (Compl. ¶¶ 76-84.) Defendants move to dismiss the claim on the grounds that it serves as "another theory alleging that Defendants used excessive force and/or committed an unlawful arrest and detention. Thus, this claim is redundant and should be analyzed pursuant to the Fourth Amendment's reasonableness standard." (Defs.' Mot. at 14.) Plaintiff does not, however, provide any facts that suggest that this is the case, because he provides no facts that give rise to negligence.

Accordingly, Plaintiff's seventh cause of action is dismissed with leave to amend.

### g. Eighth and Ninth Causes of Action

Plaintiff's eighth and ninth causes of action are against Kline for deceit and false promise, both in violation of California Civil Code §§ 1709-1710. (Compl. ¶¶ 85-102.) Defendant notes that there is no separate cognizable action for false promise, so the claim should be for fraud. (Defs.' Mot. at 15.) As far as the fraud cause of action, Plaintiff has failed to satisfy the heightened pleading standards of Rule 9(b), which requires that Plaintiff "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011). Plaintiff has not provided any facts regarding what happened that could be fraudulent, and, therefore has not satisfied this requirement. At the hearing, Plaintiff explained that the factual basis for these claims was Lt. Kline's promise to take him to a magistrate judge without undue delay, but he was instead taken to jail, were he stayed for four or five hours before being released on bail and given a citation with a court date. As the undersigned informed Plaintiff at the hearing, those facts do not give rise to a cognizable cause of action, because only those who remain in custody are entitled to be taken before a judge without undue delay. Since Plaintiff was released from custody, he did not have that right. If he had not been released, he surely would have been brought before a judge. Thus, any deceit claim based on these facts fails to state a claim.

Accordingly, the deceit cause of action is dismissed with leave to amend, but only if Plaintiff has additional facts beyond not being immediately taken before a judge. The ninth cause of action for false promise is dismissed with prejudice, as it is duplicative of the eighth cause of

action.

h. <u>Tenth Cause of Action</u>

Plaintiff's tenth cause of action is against Kline for invasion of privacy, in violation of California Civil Code § 1708.8(c). (Compl. ¶¶ 103-107.) Specifically, Plaintiff alleges that Kline falsely imprisoned and assaulted him with the intent to capture visual images, video images, audio recordings, and other physical impressions. (Compl. ¶ 104.) The elements for invasion of privacy are: (1) an intentional intrusion into a private place, conversation, or matter (2) in a manner highly offensive to a reasonable person. *Hilderman v. Enea TekSci, Inc.*, 551 F. Supp. 2d 1183, 1203 (S.D. Cal. 2008). Defendants contend that Plaintiff has not pled sufficient facts showing that he had a reasonable expectation of privacy and that the officers unlawfully invaded that privacy. (Def.'s Mot. at 16.) Plaintiff again pleaded no facts in support of this cause of action, but explained at the hearing that the basis was that he was video and audio recorded via the officer's lapel/body cameras. Not only are use of the lapel cameras is becoming standard in California, but individuals do not have a legitimate privacy interest in public spaces. Thus, this cause of action is not actionable based solely on the use of the lapel camera without other facts that suggest that his privacy was actually invaded.

Accordingly, the tenth cause of action is dismissed with leave to amend, but Plaintiff is urged not to amend this cause of action based solely on the use of a lapel camera.

**D.    Order to Show Cause**

On December 11, 2017, the Court issued an order to show cause to Plaintiff to explain why he did not timely file an opposition to the instant motion to dismiss. (Dkt. No. 10.) On January 5, 2018, Plaintiff filed a response two days late, in which he explained that he did not receive notice of the motion to dismiss until December 8, 2017 at his mother's address, because, unbeknownst to him, U.S. Mail was temporarily suspended at his address of record in Willits, California. (Dkt. No. 12 at 2-4.)

The Court advises Plaintiff that he is responsible for ensuring that he has regular mail service going forward, and that his failure to abide by future deadlines may result in his case being dismissed.

Accordingly, the order to show cause is DISCHARGED.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS Defendants' motion to dismiss in its entirety. Specifically, the ninth cause of action is dismissed with prejudice. The first through eighth, and tenth causes of action are dismissed with leave to amend.

Plaintiff shall file a first amended complaint on or before **March 9, 2018**, which must clearly specify the facts supporting each cause of action. Simply incorporating preceding paragraphs by reference is insufficient. Plaintiff is advised that he only needs one viable cause of action to go forward with his case, so that if he cannot in good faith allege specific facts to support each cause of action, he should not amend those claims. The failure to timely file a first amended complaint that complies with this order will result in the dismissal of this action.

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

In amending his complaint, Plaintiff may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants.* Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.

Additionally, the December 11, 2017 order to show cause is DISCHARGED.

///

///

///

///

To the extent that Defendants are alternatively moving for a more definite statement under Rule 12(e), the motion is DENIED as MOOT.

IT IS SO ORDERED.

Dated: February 9, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge