UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN SEBRING,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PETALUMA, et al.,<br><br>    Defendants. | Case No. 4:17-cv-06483-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT; ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 17 |

On March 29, 2018, Defendants filed a motion to dismiss Plaintiff Sean Sebring's first amended complaint. (Def.'s Mot., Dkt. No. 17.)

On June 21, 2018, the Court held a hearing, and, after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiff Sean Sebring alleges that, on July 8, 2016, Petaluma police officers Ron Klein and Alec Thompson unlawfully detained him without a warrant or legal justification, and exerted excessive force after he was involved in an altercation with another driver while operating a motor vehicle. (First Am. Compl., "FAC," Dkt. No. 16 ¶¶ 18-23, 35-36, 160.)

While driving to a chiropractic appointment, another car stopped in front of Plaintiff in response to a lane change, ultimately resulting in both cars blocking the road. (FAC ¶¶ 19-22.) While Plaintiff continued to block the road, Petaluma Police Sergeant Ron Klein passed by on his motorcycle and directed Plaintiff and the other driver to drive into a shopping center located at South McDowell Blvd. and East Madison Street in Petaluma, California. (FAC ¶ 23.) Plaintiff complied with Klein's directions. (FAC ¶ 25.) After parking, Plaintiff got out of his vehicle and

walked towards Klein and the driver of the other vehicle and informed them that he was The Pope and Supreme Sovereign of the State of California, and attempted to place the other driver under arrest for multiple public offenses. (FAC ¶ 27.) Klein directed Plaintiff back to his car. (FAC ¶ 28.) Plaintiff returned to the car. (FAC ¶ 29.) Plaintiff started to close the windows, when Klein approached and directed Plaintiff to roll down the window. (FAC ¶ 30.) Plaintiff was unable to immediately roll down the driver's side window because it was in the process of automatically fully closing. *Id.* Before the driver's side window finished its sequence to fully close, Klein grabbed and attempted to force down the window. (FAC ¶ 31.) Before Plaintiff could comply with the command to roll the window down, Klein directed Plaintiff to get out of the car. (FAC ¶ 32.)

After Plaintiff exited the vehicle, Klein grabbed Plaintiff's right hand and wrist and bent them backwards causing substantial pain and injury to Plaintiff's right hand, right wrist, right forearm, tendons and other parts of his right arm. (FAC ¶ 34.) Klein placed handcuffs on Plaintiff, behind his back tightly enough to cause significant pain and discomfort to Plaintiff's hands, fingers and wrists. (FAC ¶ 36.) Klein compelled Plaintiff to sit on the cement ground while being handcuffed for about ten minutes while members of the public passed by. (FAC ¶ 39.) Officer Alec Thompson arrived at the scene in a marked vehicle while Plaintiff was sitting on the ground. (FAC ¶ 41.) Sergeant Klein held Plaintiff against his will for approximately 30 to 40 minutes. (FAC ¶ 44.) During this time, Klein searched Plaintiff's person, clothing and personal belongings. (FAC ¶ ¶ 55-56.)

Thompson then transported Plaintiff to the Petaluma Police Station. (FAC ¶ 59.) In the rear of the police station, and under the pretense of a search, Klein intentionally touched Plaintiff's testicles and scrotum by making a horizontal slicing movement with his index finger and then by lifting his testicles and scrotum in a vertical direction. (FAC ¶¶ 66, 160.) Plaintiff claims that he was arrested but was never taken before a judge in violation of California Penal Code § 825. (FAC ¶ 76.) Plaintiff was booked into jail and bailed out of custody shortly thereafter. (FAC ¶¶ 246-247.)

On March 29, 2018, Defendants filed a motion to dismiss. (Defs.' Mot., Dkt. No. 17.) On April 11, 2018, Plaintiff filed an opposition to the motion to dismiss. (Pl.'s Opp'n, Dkt. No. 19.)

On April 19, 2018, Defendants filed their reply. (Defs.' Reply, Dkt. No. 21.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no

request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

### B. Request for Judicial Notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001). A district court may take notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). "[A] court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading" without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). The court need not accept as true allegations that contradict facts which may be judicially noticed. *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III. DISCUSSION

### A. Request for Judicial Notice

As a preliminary matter, Defendants ask that the Court take judicial notice of one document in support of their motion to dismiss. (Defs.' Req. for Judicial Not., "RJN," Dkt. No. 17-1.) The document is a purportedly true and correct copy of: A) the Criminal Docket from Superior Court of California, County of Sonoma, Case No. SCR-626633. The document shows that Plaintiff bailed out of jail and that Plaintiff had counsel specially appear for him at his court dates. (RJN at 2-3; Decl. of Jordan Green, "Green Decl.," Dkt. No. 17-2 ¶ 2, Ex. A.)

Plaintiff does not oppose the request for judicial notice. The criminal docket is a true and correct copy of an official public record, whose authenticity is capable of accurate and ready

4

determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b).

Accordingly, the Court GRANTS Defendants' request for judicial notice.

**B.      Motion to Dismiss**

As an initial matter, the Court denies Defendants' motion to the extent that it seeks to dismiss any claims against the officers based on qualified immunity. (Defs.' Mot. at 22.) This issue is more appropriate for summary judgment.

### i.      First Cause of Action

Plaintiff's first cause of action alleges Fourth Amendment excessive force, unlawful arrest, and unlawful search claims against Defendants Klein and Thompson pursuant to § 1983. (FAC ¶¶ 138-169.) Defendants argue that Plaintiff's first cause of action is limited to unlawful search and arrest, which they argue are insufficient to state a claim. (Defs.' Mot. at 10.) To the contrary, Plaintiff clearly alleges that Klein engaged in excessive force by both twisting Plaintiff's arm while handcuffing him and by tightening the handcuffs to the point where Plaintiff was in pain. (FAC ¶¶ 156-158, 160.)

Plaintiff also sufficiently alleges that the arrest was unlawful. While Defendant argues that Plaintiff disobeyed Klein's order to roll down his windows, this is not contained in the operative complaint. (Defs.' Mot. at 10.) Rather, Plaintiff alleges that he complied with Klein's command to return to his vehicle, and then began rolling up his windows, but tried to roll them back down when Klein instructed him to do so. (FAC ¶¶ 28-30.) Plaintiff then claims that he did not have the opportunity to comply before he was directed out of the car and handcuffed. (FAC ¶¶ 32, 36.) Thus, based on the allegations in the complaint, Plaintiff did not clearly violate California Penal Code § 148.

To the extent that Plaintiff claims that he was unlawfully searched, that allegation also survives, because, as pled and broadly construed, it was a search incident to arrest. (*See* FAC ¶¶ 36-37.) Therefore, if the arrest was unlawful, so was the search.

Defendants further argue that the defendants cannot be sued in their official capacities, because Plaintiff has not included any facts that support municipal liability. (Defs.' Mot. at 8.)

Indeed, Plaintiff does not identify any facts that support that there was a departmental policy or custom that caused his injury. *See Bd. of Cty. Comm'rs of Bryan Cty, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)) (A plaintiff suing a municipality under § 1983 must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury."). Moreover, "[a] suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citing *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986)). In both his opposition and at the hearing, Plaintiff conceded that he did not intend to sue the municipality[1] or the officers in their official capacity in the first cause of action, and had no objection to striking the words "official capacity" from the first amended complaint. (*See* Pl.'s Opp'n at 7; FAC ¶¶ 6, 10.)

Accordingly, the motion to dismiss is denied as to the individual § 1983 claims, and any allegation that Defendants Klein and Thompson were acting in their official capacity are stricken.

### ii. Second Cause of Action

Plaintiff's second cause of action is against Klein, Thompson, and Petaluma for battery. (FAC ¶¶ 170-182.) Here, Plaintiff alleges that the arm twisting, over-tightening of the handcuffs, and touching of his testicles and scrotum by Klein was battery. (FAC ¶¶ 176-178.)

Defendants argue that the facts alleged do not show why Defendants' use of force was unreasonable, and that Plaintiff merely failed to comply with orders. (Defs.' Mot. at 12.) The Court disagrees. At the pleading stage, Plaintiff's allegations are generally sufficient to allege a battery claim. While the Court finds that the allegations pertaining to the touching of his genitalia is duplicative of the third cause of action for sexual battery, the allegations may also be alleged in this cause of action.

Accordingly, the motion to dismiss is denied as to the second cause of action for battery.

### iii. Third Cause of Action

Plaintiff's third cause of action is against Klein, Thompson, and Petaluma for sexual

---

[1] Indeed, at the hearing, the Court noted that there were no allegations in the first cause of action against the City of Petaluma.

6

battery. (FAC ¶¶ 183-191.) Specifically, Plaintiff alleges that Defendant Klein touched his sexual organs without his consent. (FAC ¶¶ 186-187.) Plaintiff further alleges that Defendant Thompson aided and abetted the sexual battery by guarding Plaintiff and preventing him from escaping and defending himself against the battery committed by Klein. (FAC ¶ 190.) Defendants seek to dismiss this claim on the grounds that Plaintiff is describing a search of his person that occurred incident to arrest, and, since it occurred over his clothing, he was not injured. (Defs.' Mot. at 14.) At the hearing, Defendants explained that this characterization was based on evidence outside of the pleadings, which the Court explained is irrelevant at the pleading stage. Certainly, Plaintiff describes a search that, taken as true, would constitute sexual battery. The fact that the touching occurred over a layer of clothing is irrelevant.

Accordingly, the motion to dismiss is denied as to the third cause of action.

### iv. Fourth Cause of Action

Plaintiff's fourth cause of action is against Klein, Thompson, and Petaluma for false imprisonment. (FAC ¶¶ 192-204.) Defendants move to dismiss this cause of action on the grounds that Plaintiff fails to allege how or why the arrest was unlawful or articulate why the offers lacked probable cause to arrest him. (Defs.' Mot. at 14.) Plaintiff alleges, however, that he was arrested without a warrant or probable cause, that he was harmed, and that the officers' conduct was a substantial factor in causing his harm. (*See* FAC ¶¶ 200-203.) While Plaintiff should have individually identified the preceding paragraphs that articulated these facts—rather than simply incorporating paragraphs 1 through 137—the Court is required to liberally construe the complaint, and finds that Plaintiff has provided sufficient facts to support the false imprisonment cause of action. (*See* FAC ¶¶ 28-36, 192.)

Accordingly, the motion to dismiss the fourth cause of action is denied.

### v. Fifth Cause of Action

Plaintiff's fifth cause of action is against Klein and Petaluma for negligence based on the allegations that Klein twisted him arm, which constituted unreasonable force. (FAC ¶¶ 205-213.) Defendants move to dismiss the claim on the grounds that Plaintiff "does not indicate how Lt. Klein acted below the standard of care for reasonable police officers or how he breached that

duty." (Defs.' Mot. at 15.) The Court disagrees. Liberally, construed this is the state law equivalent of the excessive force claim.

Accordingly, the motion to dismiss the fifth cause of action is denied.

### vi. Sixth Cause of Action

Plaintiff's sixth cause of action is against Klein, Thompson, and Petaluma for negligence based on the over-tightening of the handcuffs, which constituted unreasonable force. (FAC ¶¶ 214-232.) Plaintiff alleges that the handcuffs were on too tight for a period of 45 minutes to an hour until they were removed by a Sonoma County Sheriff's Deputy. (FAC ¶ 224.) Defendants move to dismiss the claim on the grounds that this is also an excessive force claim. (Defs.' Mot. at 16.) The only difference between the excessive force claim and the negligence claim is that Plaintiff is also alleging that Thompson was negligent for failing to inspect and adjust the handcuffs while he was transporting Plaintiff from the police station to the jail, despite Plaintiff's request that he loosen them. (*Id.*; FAC ¶¶ 222-224.) Broadly construed, this is the state law equivalent of the excessive force claim based on the over-tightened handcuffs.

Accordingly, the motion to dismiss the sixth cause of action is denied.

### vii. Seventh Cause of Action

Plaintiff's seventh cause of action is against Klein for deceit, in violation of California Civil Code §§ 1709-1710. (FAC ¶¶ 233-249.) Specifically, Plaintiff alleges that Klein promised to take him to a magistrate judge without undue delay, which was untrue. (FAC ¶¶ 236, 238, 246.) At the hearing on the first motion to dismiss, Plaintiff was informed that, since he was released on bail with a citation and court date within hours of his arrest, he was not entitled to be taken before a judge without undue delay. (Dkt. No. 15 at 8.) Plaintiff was then advised that he should only amend this cause of action if he had additional facts beyond not being immediately taken before a judge. *Id.* Plaintiff now alleges that had he been brought before a magistrate without unnecessary delay, he would have been discharged and released. (FAC ¶ 247.) This is speculative at best, and, given the short period of his detention before he was released on bail, does not give rise to a cognizable claim for deceit.

Accordingly, the seventh cause of action is dismissed without leave to amend.

### C. Request for a More Definite Statement

Without elaborating, Defendants request that, should any part of the instant motion be denied, Plaintiff be ordered to file a more definite statement pursuant to Rule 12(e). (*See* Def.'s Mot. at 3.) Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The Court is sympathetic to Defendants' plight. While Plaintiff's first amended complaint includes the relevant facts necessary to support the remaining causes of action, it contains largely redundant, immaterial, and impertinent allegations, which, as Defendants stated at the hearing, will make drafting an answer that comports with the Federal Rules of Civil Procedure unduly burdensome.

Given the Court's obligation to liberally construe the complaint, the Court DENIES Defendants' request for a more definite statement. Notwithstanding, in an attempt to alleviate some of the burden associated with responding to a 250 paragraph complaint, the undersigned strikes the following paragraphs from the first amended complaint, sua sponte, pursuant to Federal Rule of Civil Procedure 12(f)(1): 2-4, 7-8, 12, 16-17, 43-46, 48-51, 53-54, 59, 65, 70, 77-80, 96, 98-103, 116, 118-119, 124-125, 133-137, 139, 146-147, 165-166, 166(2),[2] 167(2),[3] 171-174, 185, 193-194, 196, 198, 206-208, 215-217, 233-249.

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendants' motion to dismiss the first amended complaint. Specifically, the seventh cause of action is dismissed with prejudice as to all defendants, and the first cause of action is dismissed with prejudice only to the extent that it alleges that the defendant officers were acting in their official capacities. The motion is denied as to the remaining causes of action.

Additionally, while the Court DENIES Defendants' request for a more definite statement, the following paragraphs of the first amended complaint are stricken: 2-4, 7-8, 12, 16-17, 43-46, 48-51, 53-54, 59, 65, 70, 77-80, 96, 98-103, 116, 118-119, 124-125, 133-137, 139, 146-147, 165-

---

[2] Plaintiff has two paragraphs that are numbered 166. This refers to the second one, which appears on page 40, lines 11-13.
[3] Plaintiff has two paragraphs that are numbered 167. This refers to the second one, which appears on page 40, lines 14-17.

166, 166(2), 167(2), 171-174, 185, 193-194, 196, 198, 206-208, 215-217, 233-249.

Defendants shall file an answer within 21 days from the date of this order.

Additionally, the Court continues the August 7, 2018 case management conference to September 11, 2018. The parties shall file a joint case management statement on or before September 4, 2018.

IT IS SO ORDERED.

Dated: July 9, 2018

_____
KANDIS A. WESTMORE
United States Magistrate Judge